UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITY LIFE OF DENVER INSURANCE COMPANY,

Plaintiff,

v.

Case No.

ABACUS LIFE, INC.,

OCHO GRANDE M6, LLC,

LSX CAPITAL MANAGEMENT, LLC,

and

HEATHER SABITOV,

Defendants.

---

**COMPLAINT FOR INTERPLEADER RELIEF**

Security Life of Denver Insurance Company hereby submits its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22 against Defendants Abacus Life, Inc., Ocho Grande M6, LLC, LSX Capital Management, LLC and Heather Sabitov, and states as follows:

## Parties

1. Plaintiff Security Life of Denver Insurance Company ("SLD") is a corporation incorporated under the laws of the State of Colorado with its principal place of business in Denver, Colorado.

2. Defendant Abacus Life, Inc ("Abacus") is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Orlando, Florida.

3. Defendant Ocho Grande M6, LLC ("Ocho Grande") is a Florida limited liability company with its principal place of business in Mooresville, North Carolina.

4. Defendant LSX Capital Management, LLC ("LSX") is a Delaware limited liability company with its principal place of business in Mooresville, North Carolina.

5. Defendant Heather Sabitov ("Sabitov"), is a citizen of the State of Michigan, residing in Fenton, Michigan.

## Jurisdiction and Venue

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1335. SLD has in its custody or possession money or property of the value of $500 or more to which two or more adverse claimants of diverse citizenship may claim to be entitled. Original jurisdiction also exists pursuant to 28 U.S.C. § 1332(a)(1).

Complete diversity of citizenship is present as Plaintiff is a citizen of Colorado and Defendants are citizens of the States of North Carolina, Delaware, Michigan, and Florida. Further, as set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one of the Defendants resides in this District.

**Factual Background**

8. On or about October 6, 2011, Cyril M. Hudachek (the "Decedent") was issued Security Life of Denver Insurance Company life insurance policy number 1689869 with a current death benefit of $177,742 (the "Policy"). The Policy designated the Decedent's mother and five children as beneficiaries in varying percentages. At the time the Policy was issued, the Decedent was the policy owner.

9. On or about January 14, 2025, SLD received a change of beneficiary form dated January 9, 2025 designating Sabitov as the sole, irrevocable primary beneficiary. *See* Change of Beneficiary Form, attached hereto as **Exhibit A**.

10. On or about January 15, 2025, SLD sent a letter to the Decedent informing him that the beneficiary change requested could not be completed because the Policy was in lapse status. *See* January 15, 2025 Letter, attached hereto as **Exhibit B**.

11. On or about January 24, 2025, SLD received a collateral assignment form assigning rights under the Policy to Abacus. *See* Collateral Assignment, attached hereto as **Exhibit C**. Based on the date signed by the Decedent, the effective date of the assignment was January 6, 2025.

12. On or about February 25, 2025, SLD sent a letter to Decedent confirming that the Policy was reinstated and no longer in lapse status. *See* February 25, 2025 Letter, attached hereto as **Exhibit D**.

13. On or about March 5, 2025, SLD sent a letter to Decedent acknowledging the beneficiary change request and confirming Sabitov as the sole, irrevocable primary beneficiary effective January 9, 2025. *See* March 5, 2025 Letter, attached hereto as **Exhibit E**.

14. On or about March 20, 2025, SLD received requests to (1) change the ownership of the Policy to Ocho Grande, and (2) change the beneficiary designations to Heather Sabitov (20%), Ocho Grande M6, LLC (72%), and LSX Capital Management, LLC (8%). *See* March 20, 2025 Correspondence enclosing Transfer of Ownership and Beneficiary Designation change forms, attached hereto as **Exhibit F**.

15. On or about March 27, 2025, SLD sent letters to Ocho Grande acknowledging the change of ownership and beneficiary designations. *See* March 27, 2025 Letters, attached hereto as **Exhibit G**.

16. On or about February 10, 2026, Decedent passed away.

17. As a result of the Decedent's death, the Policy's death benefit became due and payable to the beneficiary or beneficiaries.

18. On or about March 16, 2026, Abacus, as collateral assignee of the Policy, requested that SLD pay the Policy death benefit as indicated by the March 20, 2025 beneficiary Designation change request. *See* March 16, 2026 Letter, attached hereto as **Exhibit H**.

19. On or about March 16, 2026, Sabitov contacted SDF and Abacus indicating her belief that she was entitled to the Policy death benefit in its entirety. *See* March 16, 2026 email, attached hereto as **Exhibit I**.

## <u>CAUSE OF ACTION – INTERPLEADER RELIEF</u>

### All Defendants

20. SLD incorporates Paragraphs 1-19 herein by reference.

21. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and SLD is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

22. SLD is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policy.

23. SLD neither has, nor claims, any interest in the death benefit due under the Policy and at all times has been willing to pay the death benefit to the person or persons entitled to it.

24. SLD should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of SLD.

25. SLD has in no way colluded with any of the parties named herein concerning the matters of this case. SLD has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

26. SLD will move for leave to deposit into the Registry of the Court the death benefit due and owing under the Policy, plus accrued interest, if any.

27. SLD alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Security Life of Denver Insurance Company requests the following relief:

a. That Defendants be enjoined from instituting or prosecuting against SLD any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under Security Life of Denver Insurance Company life insurance policy number 1689869 issued to the late Cyril M. Hudachek and on account

of the death of Cyril M. Hudachek, and that said injunction issue without bond or surety;

b. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

c. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under Security Life of Denver Insurance Company life insurance policy number 1689869 issued to the late Cyril M. Hudachek;

d. That this Court discharge SLD of and from any and all further liability under Security Life of Denver Insurance Company life insurance policy number 1689869 issued to the late Cyril M. Hudachek and on account of the death of Cyril M. Hudachek;

e. That this Court enter an order awarding SLD its costs and attorneys' fees in connection with this action, to be deducted from the death benefit due and owing under Security Life of Denver Insurance Company life insurance policy number 1689869 issued to the late Cyril M. Hudachek and on account of the death of Cyril M. Hudachek;

f. That this Court excuse SLD from further attendance upon this cause and dismiss SLD from this case, with prejudice; and

g. That this Court grant SLD such other and further relief as this Court deems just and equitable.

Dated: April 28, 2026

Respectfully Submitted,

*s/ David P. Donahue*
David P. Donahue
Fla. Bar No. 119885
Bressler, Amery & Ross, P.C.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Telephone: (205) 719 0400
ddonahue@bressler.com

Attorneys for Plaintiff Security Life of Denver Insurance Company